IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: CYNTHIA MOYA,
CESTUI QUE TRUST "SCREAM OR DIE"

No. 17cv1077 MCA/GJF

Petitioner.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Voluntary Petition for Non-Individual Entity Filing for Bankruptcy and for Withdrawal of Automatic Referral, Doc. 1, filed October 30, 2017 ("Petition"), and on the Motion Payment for Fees, Doc. 3, filed December 1, 2017.

The Petition was filed in United States Bankruptcy Court on October 27, 2017, as Bankruptcy Case 17-12728-j7. *See In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules*, Admin. Order, Misc. No. 84-0324 (D.N.M. March 19, 1992) (Burciaga, C.J.) ("all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law"). The Clerk's Office for the Bankruptcy Court filed the Petition in this Court on October 30, 2017, as a "Motion to Withdraw Reference Pursuant to 28 U.S.C. 157(d) by U.S. Bankruptcy Court" ("Motion to Withdraw Automatic Reference"). Section 157(d) states that a "district court may withdraw, in whole or in part, any case or proceeding referred" to the Bankruptcy Court. The Bankruptcy Court presided over the Petition for bankruptcy and transferred to this Court the portion of the Petition seeking the withdrawal of this Court's Administrative Order referring bankruptcy proceedings to the Bankruptcy Court. *See* Doc. 18, filed December 1, 2017, No. 17-12728-j7 (Bankr. D.N.M.) (dismissing bankruptcy case for failure to pay filing fee).

The Court will deny the Motion to Withdraw Automatic Reference for the following reasons. First, the Motion to Withdraw Automatic Reference is now moot because, on December

1, 2017, United States Bankruptcy Judge Robert H. Jacobvitz, entered an Order Dismissing Bankruptcy Case [17-12728-j7] for Failure to Pay filing Fee. Second, the Petition does not present any argument or reasons why the Court should withhold the referral under its Administrative Order. *See Samson Resources Co. v. Valero Marketing and Supply Co.*, 449 B.R. 120, 132 (2011) (Browning, J.) ("Cause must be shown before the reference can be withdrawn;" listing factors relevant to the determination of whether to withdraw the reference for cause).

The Court will deny the Motion [for] Payment for Fees, which states in its entirety "I am authorizing the clerk of the court to receive payment for services rendered due in the above mentioned case(s) [U.S. District Court Appeal No. 17-cv-12728], please find attached Form SSA 445," because it does not "state with particularity the grounds" for the motion and does not "cite authority in support of the legal positions advanced" as required by D.N.M.LR-Civ. 7.1(a) and 7.3(a).

Only four documents have been filed in this case: (i) Motion to Withdraw Automatic Reference; (ii) Notice of Appearance by Jordan L. Kessler on behalf of Wells Fargo Bank as Trustee, Doc. 2, filed November 17, 2017; (iii) the Motion Payment for Fees, filed by Cynthia Moya, "Beneficial Owner of the Cestui Que Trust 'Scream or Die;'" and (iv) Entry of Appearance and Request for Notice, Doc. 4, filed December 6, 2017, by James A. Artley. Having denied the all of the pending motions, the Court will dismiss this case.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                                **M. CHRISTINA ARMIJO**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**